J-S73036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTONIO FERGUSON | |
| Appellant | No. 499 WDA 2016 |

Appeal from the PCRA Order March 16, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001279-2004

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED NOVEMBER 2, 2016**

Antonio Ferguson appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.[1]

On December 22, 2003, Ferguson was arrested in Erie County and charged with a series of burglaries and related crimes.  The Commonwealth filed bills of information accusing Ferguson of burglaries and related offenses at Nos. 1279-, 1280-, 1281-, 1282-, 1283-, 1284- and 1285-2004 and at No. 1810-2004.

---

[1] This Court's prothonotary interpreted Ferguson's appeal to be an appeal from seven actions in the Court of Common Pleas of Erie County (Nos. 1279- through 1285-2004).  As explained below, Ferguson only appealed in one case, No. 1279-2004.  We have amended our caption accordingly.

In 2004, a jury found Ferguson guilty of burglary, theft and receiving stolen property at No. 1279-2004[2] and multiple offenses at Nos. 1280- through 1285-2004. The charges at No. 1810-2004 were nolle prossed.

On January 22, 2005, the trial court sentenced Ferguson to 4 - 10 years' imprisonment for burglary[3] at No. 1279-2004 and a series of consecutive sentences at Nos. 1280- through 1285-2004.[4] Specifically, the court ordered Ferguson's sentence at No. 1279-2004 to run first; his sentence at 1280-2004 to run consecutively to his sentence at No. 1279-2004; his sentence at 1281-2004 to run consecutively to his sentence at No. 1280-2004; and so forth. Ferguson's total sentence on all bills of information totaled 24 - 76 years' imprisonment, but his sentence at No. 1279-2004 only constituted the first 4 – 10 years of imprisonment.

_____

[2] 18 Pa.C.S. §§ 3502, 3921, and 3925, respectively.

[3] The theft and receiving stolen property charges at No. 1279-2004 merged for purposes of sentencing.

[4] There is some confusion in the record as to whether Ferguson's sentence at No. 1279-2004 began running on his date of sentencing or on an earlier date. The PCRA court states that Ferguson has been imprisoned since his date of sentencing, January 22, 2005. Several notations in the record suggest, however, that Ferguson was incarcerated at least eight months before sentencing, from May 21, 2004 onward. For purposes of this memorandum, we will assume that Ferguson's sentence at No. 1279-2004 began running on his date of sentencing, January 22, 2005.

Ferguson filed a timely direct appeal, and this Court affirmed his judgment of sentence on December 12, 2005. On August 31, 2006, our Supreme Court denied Ferguson's petition for allowance of appeal.

Subsequently, Ferguson filed three PCRA petitions, none of which resulted in relief.

On January 22, 2015, Ferguson completed service of his 4 - 10 year sentence at No. 1279-2004.

On January 14, 2016, acting *pro se*, Ferguson filed the present PCRA petition, his fourth, **at No. 1279-2004 alone.** Therein, he alleged that he was entitled to a new trial based on newly-discovered evidence that a Commonwealth witness at his trial, Edward Dickens, lied during his testimony.

On February 24, 2016, the PCRA court entered a notice of intent to dismiss Ferguson's petition without a hearing pursuant to Pa.R.Crim.P. 907. On March 16, 2016, the court dismissed Ferguson's petition. Ferguson filed a timely notice of appeal, and both Ferguson and the PCRA court complied with Pa.R.A.P. 1925.

Ferguson asserts in this appeal that he is entitled to relief at No. 1279-2004 (but not at any other caption number) based on newly-discovered evidence that a Commonwealth witness lied during Ferguson's trial. The fatal defect in this argument is that Ferguson is no longer eligible for relief at No. 1279-2004. The PCRA provides that to be eligible for relief, the petitioner must plead and prove that he "has been convicted of a crime

under the laws of this Commonwealth and is at the time relief is granted … *currently serving a sentence of imprisonment, probation or parole for the crime*." 42 Pa.C.S. § 9543(a)(1)(i) (emphasis added). The italicized language precludes Ferguson from obtaining relief, because he completed his sentence at No. 1279-2004 on January 22, 2015.

Our reasoning in **Commonwealth v. Stultz**, 114 A.3d 865 (Pa.Super.2015), is on point. There, on July 27, 2011, the defendant was sentenced to 1 - 5 years' imprisonment for fleeing and eluding a police officer and a concurrent term of 48 hours – 6 months' imprisonment on one count of driving under the influence ("DUI"). Another DUI count merged for purposes of sentencing. On January 28, 2013, following direct appeal, the defendant filed a PCRA petition seeking relief on both the fleeing and DUI convictions. The PCRA court held an evidentiary hearing and denied relief. On April 28, 2015, this Court affirmed. We addressed the substance of the defendant's claims relating to his fleeing conviction because he had not completed service of his sentence. But with regard to the defendant's DUI conviction, we held: "Appellant is no longer eligible for relief with respect to his DUI convictions, having completed serving his sentence for the DUI count for which he was incarcerated … Thus, to the extent his claims relate solely to the DUI charges, he is not entitled to relief." **Id**., 114 A.3d at 872 (citing, *inter alia*, 42 Pa.C.S. § 9543(a)(1)(i)).

Ferguson cannot obtain relief in this case for the same reason that the defendant could not obtain relief on his DUI sentences in **Stultz**. Ferguson

- 4 -

only requested PCRA relief at No. 1279-2004, but he completed serving his sentence at this caption number on January 22, 2015.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2016